# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**ANTONIO TAYLOR**                                                                                         **PLAINTIFF**

**VS.**                                                                             **CIVIL ACTION NO. 3:12cv277-CWR-FKB**

**HINDS COUNTY SHERIFF'S DEPARTMENT**                                             **DEFENDANTS**
**A/K/A HINDS COUNTY, MISSISSIPPI;**
**DEPUTY JIMMIE BARNES, IN HIS REPRESENTATIVE**
**AND INDIVIDUAL CAPACITY; DEPUTY VeCARLOS TILLMAN,**
**IN HIS INDIVIDUAL AND REPRESENTATIVE CAPACITY;**
**AND DEPUTY JAMIE CARTER, IN HIS INDIVIDUAL AND**
**REPRESENTATIVE CAPACITY**

## AMENDED COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Antonio Taylor, by and through counsel, and in support of this his Complaint for damages against the Defendants respectfully alleges the following:

1. Plaintiff, Antonio Taylor, is an adult resident citizen of Yazoo County, Mississippi, residing at the Yazoo County Correctional Facility.

2. Defendant Hinds County Sheriff's Department, a/k/a Hinds County, Mississippi, is a political subdivision of the State of Mississippi. There is some confusion in the case law as to whether the appropriate Defendant for official actions of the Sheriff is Hinds County, Mississippi, or the Hinds County Sheriff's Department. Plaintiff intends to name both Hinds County, Mississippi, and the Hinds County Sheriff's Department as Defendants in order to render as moot this question of proper parties.

Defendant Hinds County Sheriff's Department may be served with process by and through service upon its Sheriff, Tyrone Lewis, at 407 East Pascagoula Street, Jackson, Mississippi 39201.

Hinds County, Mississippi may be served with process by service upon its Chancery Clerk Eddie Jean Carr, at 316 South President St., Jackson, MS 39201.

3. Deputies Jimmie Barnes, VeCarlos Tillman, and Jamie Carter, are adult resident citizens of Hinds County, Mississippi, and are named as Defendants herein in their individual and representative capacities.

4. This action is brought pursuant to 42 U.S.C. §1983 for deprivations and violations of the Eighth Amendment of the U.S. Constitution and under the substantive due process clause and equal protection clause of the 14th Amendment of the United States Constitution. Additionally, attorney's fees and litigation costs are requested under 42 U.S.C. §1988. The Plaintiff is requesting a jury trial for all federal claims.

5. Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Plaintiff's known injuries were sustained due to excessive and unreasonable force inflicted upon by him by Deputies Jimmie Barnes, VeCarlos Tillman, and Jamie Carter while incarcerated as an inmate at the Hinds County Detention Facility (hereinafter "HCDF") located in Raymond, MS, on August 28, 2011. Specifically, the prison guards/deputies named herein of the HCDF inflicted serious bodily and emotional injuries upon the Plaintiff due to their application of excessive force and/or assault and battery upon the Plaintiff. Immediately thereafter, the Plaintiff was denied access to medical care at the HCDF for his injuries and released from the HCDF. That the Defendants owed a duty to the Plaintiff honor all rights and privileges unto him as granted by the Fourth, Fifth, Eighth Amendment and substantive due process and equal protection clauses of the Fourteenth Amendment of the United States

Constitution. That the Defendants breached said duties which proximately caused the Plaintiff to sustain damages as alleged herein.

7. All such unlawful and unconstitutional actions were taken by the Defendants against the Plaintiff without reasonable suspicion of criminal conduct or violation of prison rules and regulations, and without probable cause, and in so doing, knowingly violated clearly established constitutional rights of the Plaintiff of which a reasonable person would have known; specifically the use of excessive and unreasonable force which proximately caused the Plaintiff to sustain bodily and mental injuries and lack of access to medical care as alleged herein. Due to the Defendants' intentional acts and omissions, negligence, gross negligence, conscious and deliberate indifference of his need for medical care and the denial access to medical care, and as a proximate result thereof suffered physical and emotional injuries, mental anguish, pain and suffering, past, present and future medical expenses, and lost wages.

### COUNT II: INDIVIDUAL CAPACITY FOR DIRECT ACTS OF OFFICER NEGLIGENCE & *MONELL* LIABILITY FOR UNCONSTITUTIONAL POLICY AND CUSTOM AND INADEQUATE TRAINING AND SUPERVISION

8. The allegations of the preceding paragraphs of this Complaint are hereby repeated, realleged, and incorporated by referenced in each of the following sections:

9. That the Hinds County Sheriff's Department, by and through its Sheriff, was responsible for educating, training and supervising its officers named as Defendants herein to ensure that Defendants' actions, practices, procedures and policies did violate known and established constitutional rights afforded to the Plaintiff. Defendant Hinds County negligently failed to properly train and adequately supervise or control Defendants' officers, specifically to ensure that the Plaintiff was not subject to known constitutional violations including excessive force, assault and battery upon the Plaintiff without cause. Defendants acted with gross

negligence, conscious and deliberate indifference and reckless disregard for the rights of the Plaintiff with knowledge that such unlawful conduct would cause physical, emotional and bodily injuries to the Plaintiff. That the Defendant was aware that assault and battery committed by its deputies upon inmates at its facility was an existing unconstitutional policy that was officially adopted and promulgated by the Defendant's officers and officials to whom Defendants' lawmakers have delegated policy making authority whether written or not as said policy was persistent and widespread practice of Defendants' employees and officials is so common and well settled as to constitute a custom that represents official policy that caused injuries and damages to the Plaintiff as described herein.

10. Defendant Deputies named herein are individually liable, and the Hinds County, Mississippi Defendant is vicariously liable for said acts and omissions of its respective employees via the legal theory of a policy or custom that caused injury and damages to the Plaintiff as contemplated by the "*Monell*" line of cases.

## DAMAGES

As a result of the intentional, deliberate, and wrongful actions of the Defendants as aforesaid, Plaintiff was caused to suffer damages, including bodily injuries, physical and emotional trauma related to the assault and battery inflicted by the Deputy Defendants named herein, including but not limited to bodily injuries, mental injury, anxiety, emotional distress, past, present and future pain and suffering, past, present and future medical expenses, loss of wage earning capacity, permanent disability and impairment, and all other damages recoverable at law. Defendants are liable to the Plaintiff for all of said actual damages, non-pecuniary damages, as well as all attorney's fees, expenses and costs herein incurred.

As a further proximate result of the aforementioned unconstitutional and wrongful

conduct of Defendants which was outrageous and in reckless disregard for Plaintiff's rights, Plaintiff has suffered anxiety, worry, mental and emotional distress, medically cognizable injury and harm and other incidental damage, all to his general damage, for which Plaintiff is entitled to recover substantial compensatory damages. Said acts on the part of the Defendants constitute intentional, outrageous, willful, grossly negligent, unconstitutional conduct thus rendering Defendants liable for punitive damages, as well as for attorney's fees and other expenses incurred in pursuing this litigation. Defendants should be assessed with punitive damages in an amount sufficient to deter like conduct in the future, and to serve as an example and deter the Defendants from engaging in similar unlawful conduct

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for actual and compensatory damages, punitive damages, attorney's fees and costs.

Respectfully submitted, this the 5th day of August, 2012.

ANTONIO TAYLOR, PLAINTIFF

By: _s/Yancy B. Burns_____
    Yancy B. Burns

YANCY B. BURNS, ESQ.
Mississippi Bar No. 99128
***Burns & Associates, PLLC***
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone: (601) 487-6997
Facsimile: (601) 487-6958

## CERTIFICATE OF SERVICE

I, Yancy B. Burns, attorney for the Plaintiff, do hereby certify that I have this day served a true and correct copy of the foregoing Amended Complaint, by electronic filing, to the following attorney:

Michelle T. High, Esq.<br>
Wyatt, Tarrant, Combs, LLP<br>
4450 Old Canton Road, Suite 210<br>
Jackson, MS 39211

So certified this the 5th day of August, 2012.

/s/ Yancy B. Burns
YANCY B. BURNS