IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANTONIO TAYLOR**                                                                                      **PLAINTIFF**

**VS.**                                                  **CAUSE NO. 3:12 cv 00277-CWR-FKB**

**HINDS COUNTY SHERIFF'S DEPARTMENT**
**a/k/a HINDS COUNTY, MISSISSIPPI; ET AL.**                      **DEFENDANTS**
_____

**HINDS COUNTY, MISSISSIPPI'S**
**MOTION FOR SUMMARY JUDGMENT**
_____

COMES NOW, Defendant Hinds County, Mississippi, by and through counsel, and pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure and submits this, its Motion to Dismiss and for Summary Judgment:

**I.  INTRODUCTION**

Defendant Hinds County, Mississippi submits that pursuant to Fed. R. Civ. P. 12(b)(6) and 56, the Plaintiff's Complaint, as amended, fails to state a claim upon which relief can be granted, and the record before this Court does not create any genuine issue of material fact sufficient to preclude the entry of judgment in favor of Hinds County, as a matter of law. Plaintiff cannot establish a *prima facie* case of liability against the County and dismissal is thereby appropriate.

**II.     SUMMARY OF THE ARGUMENT**

1. The Plaintiff's Complaint, as amended, does not contain any specific details related to the events in issue; it provides no factual allegations surrounding his excessive force claim; it does not identify what injury Taylor supposedly suffered on the date in question;  and it does not state how any delay in medical care aggravated said injury.  [Docket # 11]  Likewise,

there are absolutely no factual averments within the Complaint as to the basis for Plaintiff's substantive due process, equal protection and Fifth Amendment claims. *Id*. Without factual allegations to raise a right to relief above the speculative level, Plaintiff's claims against Hinds County must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Additionally and alternatively, Plaintiff Taylor's claims fail as a matter of law. The record evidence does not show that the Plaintiff suffered the alleged Constitutional deprivations as a result of any policy, practice or custom of Hinds County, which was maintained with deliberate indifference.

3. The Plaintiff cannot maintain a Fourth Amendment claim as the actions of the Deputy that are believed to be in issue do not rise to the level of a Constitutional violation. Similarly, Plaintiff has failed to articulate viable Fourteenth Amendment claims.

4. The Plaintiff has asserted a patently frivolous Fifth Amendment claim. The Fifth Amendment to the United States Constitution is applicable only to federal actors. Without dispute, Hinds County is not a federal actor and is not subject to any potential liability under the Fifth Amendment. *See Jones v. City of Jackson*, 203 F. 3d 825, 875, 880. As such, Plaintiff's Fifth Amendment claim is subject to immediate dismissed as a matter of law.

5. In the Plaintiff's Complaint, Plaintiff sets forth an undefined Eighth Amendment claim. However, the cruel and unusual punishment clause of the Eighth Amendment applies only in actions *following conviction*. *Palermo v. Rorex,* 806 F.2d 1266, (5th Cir. 1987) rehearing denied 813 F.2d 407, *certiorari denied* 108 S.Ct. 77, 484 U.S. 819, 98 L.Ed.2d 40. The Eighth Amendment's safeguards are not triggered until state has secured formal adjudication of guilt. *Williams v. DiVittoria,* 777 F.Supp. 1332 (E.D.La. 1991). As such, the Eighth Amendment is not applicable to Plaintiff herein and such claims should be dismissed as a matter of law.

6. To the extent that Plaintiff Taylor asserts a failure to train cause of action, such an allegation against must also fail as he cannot show that the county's training procedures were inadequate, that the county was deliberately indifferent in adopting a training policy, and that the county's inadequate training policy caused Plaintiffs' injuries. See *Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996); s*ee also Benavides v. Co. of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992). Furthermore, the Plaintiff cannot demonstrate a pattern of violations and that the inadequacy of Hinds County training is obvious and obviously likely to result in a constitutional violation. See *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir. 2003).

7. To the extent the Plaintiff makes the argument that Hinds County should be vicariously liable for the acts or omissions of its alleged agents or employees, the County cannot be held liable for the actions of these employees under a theory of *respondeat superior*. The Fifth Circuit has specifically held that there is no *respondeat superior* liability under 42 U.S.C. §1983. *See Baker v. Putnal*, 75 F. 3d 190, 200 (5th Cir. 1996).

8. To the extent the Plaintiff Complaint, as amended, sets forth a state law assault and battery claim, if at all, such claim is barred as to Hinds County, Mississippi pursuant to the Mississippi Tort Claims Act.

9. Under federal law, the state and its political subdivisions cannot be held liable for punitive damages for allegations asserted pursuant to 42 U.S.C. § 1983.

### III.   ITEMIZATION OF MATERIALS RELIED UPON

In support of the instant Motion, Hinds County, Mississippi offer the following materials which are incorporated herein by reference:

A. Amended Complaint;

B. Amended Answer;

C. Booking Records

D. Report of Petrine Gathrite

E. Report of James Carter

F. Report of Jimmie Barnes

G. Report of VeCarlos Tillman

H. Second Report of James Carter

I. Medical Record Excerpts

J. Code of Ethics

K. General Order 92-01-15

L. General Order 92-04-13

M. Access to Healthcare Policy

N. General Order 92-01-16

O. General Order 92-01-17

P. Training Policy; General Order 92-04-18

Q. Training Records of Jimmie Barnes

R. Training Records of VeCarlos Tillman

S. Training Records of Jamie Carter

T. Interrogatory Requests Propounded to Plaintiff

U. Requests for the Production of Documents Propounded to Plaintiff

The aforesaid materials clearly establish that there exists no genuine issue of material fact nor any proper construction of law which might afford Plaintiff any right of recovery against Defendant Hinds County, Mississippi as a matter of law.  Accordingly, dismissal or the entry of summary judgment in favor of this Defendant is warranted as a matter of law, with corresponding dismissal of Plaintiff's claims as to this Defendant with prejudice along with such other and further this Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this 15th day of February, 2013.

> **HINDS COUNTY, MISSISSIPPI**
> **Defendant**
>
> BY:   /s/ Michelle T. High
>         Michelle T. High

**OF COUNSEL:**
J. Lawson Hester (MB No. 2394)
lhester@wyattfirm.com
Michelle T. High (MB No. 100663)
mhigh@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:    (601) 987-5300
Facsimile:     (601) 987-5353

**CERTIFICATE OF SERVICE**

     I, Michelle T. High, do hereby certify that I have this day I filed the foregoing Request for Time with the Court via the PACER/ ECF system, which sent an electronic copy to the following ECF participant:

    Yancy Burns
    Burns & Associates, PLLC
    Post Office Box 16409
    Jackson, Mississippi 39236-6409

    This, the 15th day of February, 2013.



                                                           _____*s/ Michelle T. High*_____
                                                              Michelle T. High

60322297.1